SAMUEL LIFSCHITZ, an Infant, by HARRIS LIFSCHITZ, his Guardian ad Litem, Respondent, *v.* THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Appellant.

*Negligence — an infant of four years run down by a street car while walking with his father — charge as to the defendant's liability for negligence, without reference to. that of the father.*

In an action to recover damages for personal injuries sustained by the plaintiff, an infant four years of age, who was conceded to be *non sui juris*, in consequence of his being, through the alleged negligence of the defendant, run down by one of the defendant's horse cars while walking by the side of his father, who was wheeling another child in a baby carriage, across the defendant's tracks, it is error for the court, when asked to charge: "If you find that the plaintiff could have crossed the street and avoided the car but for the carelessness of the defendant's driver and his impetuous driving, you must find for the plaintiff," to reply: "I charge that with this statement, that I leave it to you to say whether or not there was impetuous driving. That is a matter for you to determine," as the charge eliminated the question of the contributory negligence of the plaintiff's father.

APPEAL by the defendant, The Dry Dock, East Broadway and Battery Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of April, 1901, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 10th day of April, 1901, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Brown*, for the appellant.

*Edward A. Scott*, for the respondent.

LAUGHLIN, J.:

This action is brought to recover damages for personal injuries sustained by the plaintiff, an infant four years of age, through the alleged negligence of the defendant. The testimony of the witnesses called on the part of the plaintiff tended to show that on the 5th day of July, 1900, between five and six o'clock in the afternoon, the plaintiff's father was wheeling his child, about one year old, in

a baby carriage northerly on the westerly walk of Jefferson street, and he was accompanied by the plaintiff who was walking at his left side.    Upon reaching the southerly street railway track in East Broadway, which crosses Jefferson street at right angles, plaintiff was struck by the off horse attached to one of defendant's cars going easterly on said tracks and knocked down and run over by the right front wheel.

It was conceded that the plaintiff was *non sui juris.*    It could not be said as matter of law that his father was free from negligence.

In the main charge the court submitted to the jury the question as to whether the defendant was negligent and also as to whether plaintiff's father was free from negligence and instructed them that the burden rested upon the plaintiff to establish both propositions by a fair preponderance of evidence.    The jury were also instructed as to what constitutes a preponderance of evidence and that negligence consists in the failure to exercise such care as a person of ordinary prudence would exercise under like circumstances and conditions.    The court then took up the written requests to charge presented by plaintiff's counsel and charged the jury therefrom in substance: (1) That it was the duty of the defendant in operating its cars to use reasonable care to avoid running down pedestrians; (2) that if plaintiff's father did use reasonable care, and defendant's driver did not manage his car with care, and owing to his carelessness the plaintiff was injured, they must find for the plaintiff; (3) that the crosswalk was the proper place for plaintiff's father to cross, and it was the duty of the defendant to take notice that pedestrians are liable to cross at such points at any time, and the defendant's driver should have had his car better under control there than in the middle of a block; (4) that if the driver was negligent his negligence is chargeable to the defendant; (5) that defendant had no right to so operate its cars as to interfere with the right of pedestrians in crossing the street; that both parties had a right on the street, and it was the duty of each to use reasonable care.    The court thereupon read the 6th request presented by plaintiff as follows: "If you find that the plaintiff could have crossed the street and avoided the car but for the carelessness of the defendant's driver and his impetuous driving, you must find for the plaintiff," and said, "I charge that with this statement, that I leave it to you

to say whether or not there was impetuous driving. That is a matter for you to determine."

Counsel for the appellant duly excepted to this charge, and we deem the exception well taken. This charge eliminated the contributory negligence of plaintiff's father. The complaint is not for willfully running over the boy, to which contributory negligence would not be a defense, but is for ordinary negligence. Even if the jury believed that the plaintiff's father was guilty of negligence in going upon the track without discovering the proximity of the car or while crossing, yet, if he could have crossed in safety but for the negligence of the defendant, taking this charge literally, they would be obliged to render a verdict against the defendant. Undoubtedly it was not so intended by the learned trial justice, but the jury, as has been seen, having been previously fully and properly instructed on that subject, may well have understood that this request, deliberately prepared by counsel, was designed to add something to what had preceded. The only addition was the elimination of contributory negligence. Although the jury were thereafter informed by the court, in charging defendant's requests, that plaintiff could not recover if his father was negligent, we think this error was not cured. On reading the charge, as a whole, we cannot say that the jury were not misled by this erroneous instruction.

The judgment and order should be reversed, therefore, and a new trial granted, with costs to appellant to abide the event.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and HATCH, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide the event.